Filed 8/2/24  P. v. Reyes CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061973 |
| v. | (Super. Ct. No. 15NF3441) |
| JENNY IVONNE REYES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge. Reversed and remanded.

Arthur Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A.

Natasha Cortina, Lynne G. McGinnis and Elizabeth M. Renner, Deputy Attorneys General, for Plaintiff and Respondent.

*       *       *

Defendant Jenny Ivonne Reyes petitioned the trial court pursuant to Penal Code section 1172.6[1] for resentencing on her 2018 conviction of four counts of attempted murder based on her guilty plea. The convictions arose out of Reyes's role in a series of stabbings at a party. The court denied the petition at the prima facie stage, finding Reyes's admission in the factual basis of her guilty plea that she had the "specific intent to kill . . . [the victims]" made her ineligible for relief. We disagree.

The California Supreme Court decided *People v. Curiel* (2023) 15 Cal.5th 433 (*Curiel*), after the parties had fully briefed this appeal, so we invited supplemental briefing on *Curiel*'s impact on this case. We conclude, pursuant to *Curiel,* the trial court erred in denying Reyes's petition at the prima facie stage based solely on her admission that she intended to kill the victims.

The information that charged Reyes with (among other things) multiple counts of attempted murder showed Reyes was not charged as an actual perpetrator of the stabbings, but rather as the driver who transported the perpetrators to and from the crime scene. The information permitted the People to prosecute Reyes for attempted murder under a theory of natural and probable consequences, which is no longer a viable theory. Although *direct* aiding and abetting is still a viable theory of attempted murder, Reyes did not admit in her guilty plea all requisite elements of aiding and abetting,

---

[1] All further undesignated statutory references are to the Penal Code.

including her knowledge of the perpetrators' intent to kill. Nothing else in the record of conviction conclusively refutes the allegation in Reyes's petition that she could not presently be convicted of attempted murder because of changes to section 188 or 189.

Accordingly, we reverse the trial court's order and remand with directions to issue an order to show cause and conduct an evidentiary hearing on the petition. (§ 1172.6, subd. (c).)

PROCEDURAL HISTORY

I.

CHARGES AGAINST REYES

On July 3, 2017, the People filed an information charging Reyes with one count of conspiracy to commit murder (§ 182, subd. (a)(1) [count 1]), eight counts of attempted murder of W.L., C.P., R.P., A.B., B.R., L.B., J.A., and E.P. (§§ 187, subd. (a), 664, subd. (a) [counts 2-9]), eight counts of assault with a deadly weapon (a knife) upon the same eight individuals (§ 245, subd. (a)(1) [counts 10-17]), and one count of street terrorism (§ 186.22, subd. (a) [count 18]).[2] The information further alleged the attempted murders in counts 2 through 9 were committed willfully, deliberately, and with premeditation. (§ 664, subd. (a).) It also alleged sentencing enhancements for criminal street gang activity. (§ 186.22, subd. (b)(1).)

In support of count 1, the information alleged the following: On the evening in question, Reyes attempted to attend a party but was turned

---

[2] Section 186.22(a): "A person who actively participates in a criminal street gang with knowledge that its members engage in, or have engaged in, a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in felonious criminal conduct by members of that gang, shall be punished by imprisonment in a county jail . . . ."

away. Reyes left the location of the party, but threatened to return with a criminal street gang. Reyes then made good on her threat: she drove back to the party in her vehicle with three male gang members who were armed with knives. After announcing their gang affiliation, the three gang members proceeded to stab multiple victims indiscriminately with an intent to kill. Reyes then drove the three gang members away from the scene in her vehicle.

## II.

### GUILTY PLEA AND SENTENCING

On December 10, 2018, Reyes entered a guilty plea to four counts of attempted murder as charged in counts 2, 5, 6, and 8 and to four counts of assault with a deadly weapon as charged in counts 11, 12, 15, and 17. As part of the negotiated plea deal, the prosecution agreed to strike the street gang allegation for the purposes of sentencing only as to counts 2, 5, 6, 8, 11, 12, 15, and 17. All other counts and allegations were dismissed in the interest of justice.

As the factual basis for her plea, Reyes admitted the following:

"In Orange County, California, on or about 12/27/15 I did willfully, unlawfully, knowingly and intentionally, with the specific intent to kill, aid abet and help 6 other people and attempt to murder and kill [W.L., A. B., B.R., and J.A.] and I knowingly and unlawfully and intentionally aided, abetted and assisted in committing an assault upon the person of [L.B.] with a deadly weapon, to wit: a knife, and when I committed the crimes above I did so for the benefit of, at the direction of, and in association with Anaheim Travelers City criminal street gang with the specific intent to promote, further and assisst [sic] in criminal conduct by members of that gang and on the same date I also willfully and unlawfully aid [sic], abetted and helped 6

4

other people commit an assault with a deadly weapon upon the person(s) of [C.P., R.P., and E.P]."

On December 21, 2018, the trial court sentenced Reyes pursuant to her stipulated plea agreement to a total of 15 years in state prison, including seven years for count 2, two years and four months for count 5 to run consecutive to count 2, two years and four months for count 6 to run consecutive to count 2, two years and four months for count 8 to run consecutive to count 2, two years for count 11 to run concurrent to count 2, two years for count 12 to run concurrent to count 2, one year for count 15 to run consecutive to count 2, and two years for count 17 to run concurrent to count 2.

### III.

PETITION FOR RESENTENCING AT PRIMA FACIE STAGE

On February 3, 2022, Reyes filed a petition for resentencing pursuant to section 1172.6 and requested appointment of counsel. Reyes's petition alleged the following: "1. A[n] . . . information . . . was filed against me that allowed the prosecution to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine" "2 . . . . I accepted a plea offer in lieu of a trial at which I could have been convicted of . . . attempted murder." "3. I could not presently be convicted of . . . attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019."

The trial court appointed counsel and set a hearing on the prima facie finding. Following appointment of counsel, briefing, and a hearing on the matter, the court issued a written order denying the petition, finding the record of conviction demonstrated Reyes was ineligible for relief as a matter of law pursuant to section 1172.6. As part of the record of conviction, the

5

court considered the July 3, 2017 information, Reyes's guilty plea, the abstract of judgment, and the parties' briefing. The court was presented with the preliminary hearing transcript but declined to consider it. In denying the petition, the court found "the statement of the defendant's intent to attempt to kill multiple victims as written in this plea is as clear and unambiguous a statement of a defendant's intent to attempt to murder the victims listed here as there could be." Reyes filed a timely notice of appeal.

DISCUSSION

I.

APPLICABLE LEGAL AUTHORITY

In 2017, when the information was filed charging Reyes with multiple counts of attempted murder, the law permitted the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine. At that time, a person who ""knowingly aid[ed] and abet[ted] criminal conduct [was] guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commit[ted] [nontarget offense] that [was the] natural and probable consequence of the intended crime. The latter question [was] not whether the aider and abettor *actually* foresaw the additional crime, but whether, judged objectively, it was *reasonably* foreseeable. [Citation.]" [Citation.] Liability under the natural and probable consequences doctrine "[was] measured by whether a reasonable person in the defendant's position would have or should have known that the charged offense was a reasonably foreseeable consequence of the act aided and abetted.""" (*People v. Favor* (2012) 54 Cal.4th 868, 874.)

"Thus, for example, if a person aid[ed] and abet[ted] only an intended assault, but a murder result[ed], that person may [have been found] guilty of that murder, even if unintended, if it [was] a natural and probable

6

consequence of the intended assault." (*People v. McCoy* (2001) 25 Cal.4th 1111, 1117; see *People v. Ayala* (2010) 181 Cal.App.4th 1440, 1450 [fatal shooting was a natural and probable consequence of the defendant's aiding and abetting an assault with a deadly weapon during a gang confrontation]; *People v. Medina* (2009) 46 Cal.4th 913, 922–923 [shooting was a foreseeable consequence of a gang assault]; *People v. Gonzales* (2001) 87 Cal.App.4th 1, 10 [fatal shooting was a natural and probable consequence of a gang fight].)

But after Reyes's guilty plea and sentencing, the law changed. Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.), amending sections 188 and 189, the laws pertaining to felony murder and murder under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation also enacted former section 1170.95,[3] which provides a procedure to petition for retroactive relief for those who could not now be convicted under sections 188 and 189 as amended. (See *People v. Lewis* (2021) 11 Cal.5th 952, 957.)

A petition under section 1172.6 may be filed by "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a).) The allegations of the petition must be accepted as true but, without engaging in factfinding, the trial court may look to the record of conviction in determining whether the allegations have been refuted as a matter of law. (*People v. Lewis, supra*, 11 Cal.5th at

---

[3] Former section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

pp. 971–972.) When the petitioner's conviction resulted from a guilty plea rather than a trial, the record of conviction includes the facts "the defendant admitted as the factual basis for a guilty plea." (*People v. Gallardo* (2017) 4 Cal.5th 120, 136; see § 1192.5, subd. (c) [court approving guilty plea must "cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea"].)

If the petitioner establishes a prima facie case for relief, the trial court must issue an order to show cause, conduct an evidentiary hearing to decide whether to vacate the conviction, and resentence the petitioner on any remaining counts if it finds the petitioner entitled to relief. (§ 1172.6, subds. (c) & (d); *People v. Lewis, supra*, 11 Cal.5th at p. 960.) We independently review the court's prima facie determination that a petitioner is ineligible for section 1172.6 relief as a matter of law. (*People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

## II.

### THE RECORD OF CONVICTION DID NOT REFUTE
### THE ALLEGATIONS IN REYES'S PETITION

Reyes's admission as part of her guilty plea that she had the "specific intent to kill" the victims was insufficient to rebut the allegation in her petition that she could not be convicted of attempted murder under current law. (*Curiel, supra*, 15 Cal.5th at p. 461.) Reyes's allegation in her petition under section 1172.6 that she "could not presently be convicted of . . . attempted murder because of changes made to Penal Code §§ 188 and 189" put "at issue all the elements of [attempted murder] under current law." (*Curiel,* at p. 441.) Therefore, her allegation "is not refuted by the record unless the record conclusively establishes every element of the offense. If only *one* element of the offense is established by the record, the petitioner could

8

still be correct that he or she could not currently be convicted of the relevant offense based on the absence of *other* elements." (*Id.* at p. 463.)

Under current law, aiders and abettors may still be convicted of a homicide offense based on *direct* aiding and abetting principles. (*Curiel, supra,* 15 Cal.5th at p. 462.) However, "[attempted] [m]urder liability as an aider and abettor requires both a sufficient mens rea and a sufficient actus reus. A finding of intent to kill, viewed in isolation, establishes neither." (*Id.* at p. 441.) "[T]he mens rea required of a direct aider and abettor includes knowledge of the perpetrator's intent to commit an unlawful act constituting the offense and the intent to aid the perpetrator in its commission." (*Ibid.*) "The aider and abettor must know the direct perpetrator intends to commit the murder or life-endangering act and intend to aid the direct perpetrator in its commission. It is this mental relationship to the perpetrator's acts that confers liability on the aider and abettor." (*Id.* at p. 468.)

Here, the factual basis in Reyes's written guilty plea did not address Reyes's knowledge regarding the perpetrators' intent.[4] It stated, in pertinent part: "In Orange County, California, on or about 12/27/15 I did willfully, unlawfully, knowingly and intentionally, with the specific intent to kill, aid abet and help 6 other people and attempt to murder and kill [W.L., A.B., B.R., and J.A.]."

The People contend Reyes's guilty plea addresses all elements of direct aiding and abetting liability because she admitted both her own intent to kill and that she "aided, abetted, and helped six other people in attempting to murder and kill the victims." Perhaps that is what the prosecutor intended

---

[4] No reporter's transcript of the proceedings relating to Reyes's guilty plea was submitted as part of the record on appeal.

9

the plea form to state, but that is not what it actually says. Contrary to the People's characterization of the plea language, Reyes did not admit she aided and abetted and helped others "in their attempt" to murder the victims. Rather, the plea states Reyes "did willfully, unlawfully, knowingly and intentionally, with the specific intent to kill, aid abet and help 6 other people *and* attempt to murder and kill [four people] . . . ." (Italics added).

Read in accordance with its express terms, Reyes's plea does not say anything about the perpetrators' own intent or, critically, that Reyes had knowledge of the perpetrators' intent. It says Reyes willfully, unlawfully, knowingly and intentionally, and with specific intent to kill, did two things: (1) "aid abet and help 6 other people" *and* (2) "attempt to murder and kill" the identified victims. The People cite no authority that would permit us to disregard the plain language contained in the plea to infer or otherwise arrive at a meaning the words themselves do not support.[5]

In light of our conclusion that Reyes's guilty plea was insufficient to rebut her petition and she is entitled to an order to show cause, we need not address her argument that the trial court should have considered the preliminary hearing transcript in making its ruling.[6]

---

[5] We need not decide whether the plea would have been sufficient to refute Reyes's petition had it stated, as the People contend, that Reyes intended to kill and also aided and abetted others in attempting to kill.

[6] Both parties submitted the preliminary hearing transcript for the trial court's consideration, but the court declined to consider it. The transcript confirms what was alleged by the People in the information relating to Reyes: Reyes was alleged to be the driver and not one of the actual perpetrators who committed the stabbings. Reyes asked the court to consider the transcript because the prosecutor argued at the end of the hearing that Reyes would be liable on a natural and probable consequences theory if "it's reasonably foreseeable that they're going to engage in a fight, bringing a gang

10

## DISPOSITION

The trial court's order denying Reyes's section 1172.6 petition is reversed. We remand the matter to the trial court with directions to issue an order to show cause and to conduct an evidentiary hearing.


GOODING, J.

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.

---

back to the party." The preliminary hearing was not needed for this purpose. The People charged Reyes generically with attempted murder, which would have allowed them to proceed on a theory of attempted murder under the natural and probable consequences doctrine. (*People v. Estrada* (2024) 101 Cal.App.5th 328, 338.)